IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  CR-1-01-55-08

LATESHA RICKETT,

        Defendant.

SUPERVISED RELEASE VIOLATION
SENTENCING MEMORANDUM AND JUDGMENT
ORDER

      The defendant was sentenced on March 6, 2002 for a violation of Title 21, Section 846 of the United States Code. The defendant was committed to the custody of the Bureau of Prisons for **FOUR (4) MONTHS** and, following incarceration a term of Supervised Release of **THREE (3) YEARS** with the special conditions of 120 days home confinement and participation in mental health counseling at the direction of the Probation Office . Additionally, she was ordered to comply with the standard terms and conditions of Supervised Release and pay a special assessment of $100.00. The defendant agreed to a modification of her conditions of Supervised Release to include entering a halfway house until December 17, 2002. Her Supervised Release was revoked on December 2, 2002. The defendant was committed to the custody of the Bureau of Prisons for a term of **EIGHT (8) MONTHS** followed by a term of Supervised Release of **TWENTY-FOUR (24) MONTHS.**

      A Petition for Warrant or Summons for Offender Under Supervision was filed in this Court and a Summons issued.

2

The defendant appeared with counsel, W. Kelly Johnson, Esq. before this Court for a Supervised Release Violation Hearing on November 5, 2004. The Court, being fully advised from the evidence adduced and statements made at said hearing, finds the defendant has violated the Special Condition of Supervised Release that the defendant comply with the condition that she not consume alcohol.

This violation is Grade C in nature pursuant to U.S.S.G. § 7B1.1(a)(3)(B) because it involves a violation of the conditions of supervision.

Pursuant to U.S.S.G. § 7B1.3(a)(2), the Court may (A) revoke the supervised release; or (B) extend the term of supervised release and/or modify the conditions.

Pursuant to U.S.S.G. § 7B1.4(a), in the case of a revocation of Supervised Release, based upon Grade C violations and the original Criminal History Category of II, the guideline imprisonment range is 4 to 10 months.

Pursuant to § 7B1.3(c)(2), if the minimum term of imprisonment for a supervised release violation is at least one month, but not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for any portion of the minimum term.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served, in addition to the sanction determined under § 7B1.4.

Pursuant to Title 18, U.S.C. § 3565(a), and to the recommendation of the parties as stated in open court, therefore,

IT IS ORDERED that defendant Latesha Rickett's Supervised Release be **REVOKED** and the defendant be **COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS FOR A PERIOD OF TWELVE (12)**

3

**MONTHS AND ONE (1) DAY. No additional term of supervised release is imposed.**

The defendant shall pay any remaining balance due on the special assessment.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on November 5, 2004. **Ten days from the filing of the judgment will be November 15, 2004.**

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf. It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior
United States District Judge

_____11/5/04_____
Date

J:\DOCUMENT\NEW_JUDGEMENT\2001\01-55-08-2d.SRV16.wpd